IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| OLIVER STREET DERMATOLOGY, LLC, D/B/A US DERMATOLOGY PARTNERS, | § § § | |
| PLAINTIFF, | § | CAUSE NO. 1:17-CV-528-LY |
| V. | § § § | |
| DAN CREGER, | § | |
| DEFENDANT. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are Defendant/Counter-Plaintiff Creger's Motion to Compel Arbitration and Motion to Dismiss filed October 26, 2017 (Clerk's Doc. No. 20), Plaintiff's Response to Defendant's Motion to Compel Arbitration and Motion to Dismiss filed November 2, 2017 (Clerk's Doc. No. 22), Defendant/Counter-Plaintiff Creger's Reply to Oliver Street's Motion to Compel Response filed November 16, 2017 (Clerk's Doc. No. 24), Defendant/Counter-Plaintiff Creger's Motion for Protective order filed October 31, 2017 (Clerk's Doc. No. 21), Motion for Leave to Serve Additional Discovery on Issues of Agency, Authority and Estoppel Raised by Reply to Response to Motion to Compel and Motion for Leave to File Sur-Reply filed December 8, 2017 (Clerk's Doc. No. 31), Defendant/Counter-Plaintiff Creger's Response to Oliver Street's Motion for Leave to File Supplemental Discovery Requests filed December 15, 2017 (Clerk's Doc. No. 33), and Reply to Response to Motions for Leave to Serve Additional Discovery and Motion for Leave to File Sur-Reply filed December 18, 2017 (Clerk's Doc. No. 36).

Having considered the motions, responses, replies, and applicable law, the court concludes that the parties' Rule 11 agreement is unenforceable because it was not filed with the court. The arbitration clause in Oliver Street Dermatology's employee handbook is also

unenforceable, and Creger's motion to compel arbitration will be denied. For these reasons, Oliver Street Dermatology's motion to serve additional discovery will be denied, because further discovery on issues of agency, authority, and estoppel is unnecessary.

## I. BACKGROUND

On April 14, 2017, Oliver Street Dermatology ("Oliver Street") filed a declaratory-judgment suit in state court to resolve a contract dispute between it and Creger. Creger's attorney informed Oliver Street on April 25, 2017, that he intended to remove the case to the United States District Court for the Western District of Texas. On May 16, 2017, the attorney told Oliver Street that he changed his mind and wished to remove the case to the Northern District of Texas.

On May 25, 2017, the parties agreed that Oliver Street would nonsuit the state litigation and refile in the Western District of Texas. Both parties now refer to this arrangement as a Rule 11 agreement under the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 11. In accordance with the agreement, Oliver Street filed this suit on June 2, 2017. Creger then filed a motion to compel arbitration on October 26, 2017, arguing that the arbitration clause in Oliver Street's employee handbook should be enforced. The relevant clause reads:

> As a condition of employment, [Oliver Street] and its employees agree to submit all disputes and claims arising from an employee's tenure with [Oliver Street] to binding arbitration under the rules of the American Arbitration [Association].

Oliver Street argues that this clause is an unenforceable illusory promise, because the employee handbook also states that Oliver Street "reserves the right to rescind, modify or deviate from these and other policies, practices and guidelines at its sole discretion . . . with or without notice." Oliver Street additionally claims that it detrimentally relied on Creger's promise to litigate in federal court. Creger responds that the agreement to litigate in federal court is unenforceable under Texas Rule of Civil Procedure 11, because the agreement was not filed with

2

a court, as required by the rule. *See* TEX. R. CIV. P. 11 ("[N]o agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record."). Creger also claims that estoppel should apply to compel arbitration since he detrimentally relied on Oliver Street's agreement to arbitrate employment disputes.

Neither the "Rule 11 agreement" nor the arbitration clause is enforceable. Promissory estoppel does not apply in either party's favor—a contrary decision would allow one party to renege on its own representations, thus *creating* injustice. The parties are will be left to litigate their dispute unimpeded by their prior arrangements.

## II. APPLICABLE LAW

In diversity cases such as this, "substantive law . . . is established by the usual principles of conflict of laws, but procedural rules are the rules of the forum." *Condit Chem. & Grain Co. v. Helena Chem. Corp.*, 789 F.2d 1101, 1102 (5th Cir. 1986); *see Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938) (state law applies except when issue is governed by federal law). The court must therefore determine whether Texas Rule of Civil Procedure 11 or a Federal Rule of Civil Procedure applies to the parties' agreement to litigate in federal court. This analysis turns on whether the Texas rule is substantive or procedural.

> Texas Rule of Civil Procedure 11 states the following:
>
> Unless otherwise provided in these rules, no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record.

TEX. R. CIV. P. 11. The Fifth Circuit has likened the rule to the parol-evidence rule. *Condit Chem. & Grain Co.*, 789 F.2d at 1102. The parol-evidence rule, though labeled a rule of evidence, is a rule of substance. *Id.* (citing RESTATEMENT (SECOND) OF CONFLICT OF LAWS §

3

140 (AM. LAW INST. 1971); 3 CORBIN, CONTRACTS § 573 (rev'd ed. 1960); 16 AMERICAN JURISPRUDENCE, CONFLICT OF LAWS § 132 (2d ed. 2018)). Likewise, the Texas rule is substantive despite its label. *Id.* This court therefore looks to Texas law, not the Federal Rules of Civil Procedure, to determine if the parties' agreement is enforceable. *See* 28 U.S.C. § 1652 ("State laws as rules of decision").

"[O]rdinary state-law principles that govern the formation of contracts" are used to determine if an arbitration clause is enforceable. *Nelson v. Watch House Int'l, L.L.C.*, 815 F.3d 190, 193 (5th Cir. 2016) (quoting *Carey v. 24 Hour Fitness, USA, Inc.*, 669 F.3d 202, 205 (5th Cir. 2012)). Under Texas law, an arbitration clause is illusory if one party can unilaterally change the agreement. *Id.* at 193; *see also In re 24R, Inc.*, 324 S.W.3d 564, 567 (Tex. 2010). An exception to this general rule exists when a "saving clause" in the agreement restrains such unilateral authority. *See In re Halliburton Co.*, 80 S.W.3d 566, 569–70 (Tex. 2002) (reasoning that Halliburton's unilateral authority to amend arbitration clause was sufficiently restrained when amendments could apply prospectively only and would not be effective until 10 days after notice given to employees).

### III. ANALYSIS

#### *1. The "Rule 11 agreement" is not enforceable because it is not part of the record.*

Texas Rule of Civil Procedure 11 explains that "no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record." TEX. R. CIV. P. 11. "Rule 11 is a minimum requirement for enforcement of all agreements concerning pending suits . . . ." *Kennedy v. Hyde*, 682 S.W.2d 525, 528 (Tex. 1984). "The rule has been held applicable to a wide variety of agreements concerning lawsuits, including stipulations as to the testimony of absent witnesses . . . and agreements to limit the issues in dispute." *Id.*

4

(citations omitted). The Texas Supreme Court further states that Rule 11's filing requirement is met if an agreement is entered into the record before a party seeks to enforce it. *Padilla v. LaFrance*, 907 S.W.2d 454, 461 (Tex. 1995).

The parties in the current case agreed that Oliver Street would nonsuit its state litigation and refile in federal court. Creger claims that this agreement is unenforceable because it was never filed with the state court in which Oliver Street filed its first declaratory-judgment suit. Oliver Street does not directly respond to Creger's Rule 11 argument but explains that it detrimentally relied on the agreement.

Rule 11 applies to "all agreements concerning pending suits" and is applied in a wide variety of agreements. *Kennedy*, 682 S.W.2d at 528. This court concludes that the parties' agreement to have this suit filed in a particular jurisdiction and venue "touches" the lawsuit. Accordingly, the agreement is subject to Rule 11's requirements. The parties do not dispute that the agreement was not entered into the record of any court. The agreement is therefore unenforceable according to the rule's text.

### 2. *The arbitration clause is an illusory promise because Oliver Street retains the right to unilaterally alter all polices in its employee handbook.*

"A promise is illusory if it does not bind the promisor, such as when the promisor retains the option to discontinue performance." *In re 24R*, 324 S.W.3d at 567 (citing *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 849 (Tex. 2009)). The option to discontinue performance exists when "one party can avoid its promise to arbitrate by amending the provision or terminating it altogether." *Id.* (citing *In re Odyssey Healthcare, Inc.*, 310 S.W.3d 419, 424 (Tex. 2010)).

Oliver Street's employee handbook—in which the arbitration clause is located—states that Oliver Street "reserves the right to rescind, modify or deviate from [its] policies, practices

5

and guidelines at its sole discretion . . . with or without notice." Oliver Street therefore retains the option to discontinue performance of its promise to arbitrate.

The Fifth Circuit recently affirmed a district court's denial of a motion to compel arbitration when a company retained the right to unilaterally alter an employee handbook in which the arbitration clause at issue was located:

> We hold that the district court did not err in denying the motion to compel because the arbitration provision is not a separate, stand-alone contract. Instead, it is contained in the handbook in which Radio One reserved the right to unilaterally supersede, modify or eliminate existing policies. Under these circumstances, Radio One's promise to arbitrate was illusory and unenforceable.

*Scudiero v. Radio One of Tex. II, L.L.C.*, 547 F. App'x 429, 432 (5th Cir. 2013).[1]

Creger nonetheless argues that the arbitration clause is enforceable because he performed under his employment agreement and Oliver Street did not alter its arbitration clause during Creger's employment. But the "critical inquiry" is whether Oliver Street *could* "retroactively eliminat[e] its arbitration policy." *Carey*, 669 F.3d at 207 (applying Texas law).

Oliver Street retains the right to modify policies in its employee handbook—which include the arbitration clause—at its "sole discretion . . . with or without notice." This provision grants Oliver Street broad authority and does not foreclose its ability to retroactively eliminate its arbitration policy. Further, the handbook does not contain a *Halliburton*-type saving clause requiring that changes apply prospectively only and not until 10 days after employees have been given notice of the changes. For these reasons, Oliver Street's arbitration clause is an unenforceable illusory promise.

---

[1] The court recognizes that, "[a]lthough unpublished opinions are not precedential, they are persuasive." *United States v. Olivares*, 833 F.3d 450, 453 n.1 (5th Cir. 2016) (citing *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006) (recognizing that unpublished decisions issued after January 1, 1996, are not controlling precedent but may be considered persuasive authority). This court does not rely on *Scudiero* as binding precedent but finds the reasoning persuasive as applied to the similar facts in this case.

### *3. Promissory estoppel does not apply to enforce either the Rule 11 agreement or the arbitration clause.*

Promissory estoppel has four elements under Texas law: (1) A promise; (2) foreseeability of reliance thereon by the promisor; (3) substantial reliance by the promisee to its detriment; and (4) a finding that injustice can be avoided only by enforcing the promise. *Clardy Mfg. Co. v. Marine Midland Bus. Loans, Inc.*, 88 F.3d 347, 360 (5th Cir. 1996). Promissory estoppel does not compel enforcement of either the "Rule 11 agreement" or the arbitration clause, because enforcement would create injustice.

The court may consider notions of justice when determining if promissory estoppel is applicable. "When a promisor induces substantial action or forbearance by another, promissory estoppel prevents any denial of that promise if injustice can be avoided only by enforcement." *In re Weekley Homes, L.P.*, 180 S.W.3d 127, 133 (Tex. 2005). Further, "[p]romissory estoppel does not create liability where none otherwise exists, but 'prevents a party from insisting upon his strict legal rights when it would be unjust to allow him to enforce them.'" *Id.* (citations omitted) (quoting *Wheeler v. White*, 398 S.W.2d 93, 96 (Tex. 1965)). In *Wheeler*, the Texas Supreme Court quoted the United States Supreme Court to describe promissory estoppel's underlying purpose as "promot[ing] the ends of justice":

> The vital principle is that he who by his language or conduct leads another to do what he would not otherwise have done, shall not subject such person to loss or injury by disappointing the expectations upon which he acted. Such a change of position is sternly forbidden []. This remedy is always so applied as to promote the ends of justice.

*Wheeler*, 398 S.W.2d at 96 (quoting *Dickerson v. Colgrove*, 100 U.S. 578, 580 (1879)).

In the current case, both parties have spent time and money in reliance on the other's representations. Oliver Street argues that Creger contractually agreed on May 25, 2017, to have his claims litigated in federal court. Oliver Street further claims that it detrimentally relied on

this agreement by allowing for a delay in litigation, agreeing to pursue its claims in a forum different than the one it originally chose, modifying its legal position, and incurring significant legal fees. Creger argues that he detrimentally relied upon the arbitration clause in the Oliver Street's employee handbook. Specifically, he paid $300 when he filed a demand for arbitration with the American Arbitration Association on October 24, 2017. Both parties have detrimentally relied on the other's promises.

Accordingly, neither Oliver Street nor Creger has satisfied promissory estoppel's last element because both parties have reneged on their previous promises. Creger agreed to have this suit filed in federal court and now wishes to arbitrate—195 days after Oliver Street first filed for declaratory judgment in state court. On the other hand, Oliver Street's employee handbook says that employment disputes will be resolved through arbitration. Oliver Street now wishes to take advantage of Texas law and argue that its own clause is unenforceable. Injustice would be created, not avoided, by applying promissory estoppel in either party's favor.

### IV. CONCLUSION

The court concludes that the "Rule 11 agreement" and arbitration clause are unenforceable under Texas law. Estoppel does not apply in either party's favor because doing so would allow the other to renege on its own representations, thus creating injustice. As a result, further discovery on issues of agency, authority, and estoppel is unnecessary.

**IT IS THEREFORE ORDERED** that Defendant/Counter-Plaintiff Creger's Motion to Compel Arbitration and Motion to Dismiss filed October 26, 2017 (Clerk's Doc. No. 20) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant/Counter-Plaintiff Creger's Motion for Protective Order filed October 31, 2017 (Clerk's Doc. No. 21) is **DENIED**.

**IT IS FURTHER ORDERED** that Oliver Street Dermatology's Motion for Leave to Serve Additional Discovery on Issues of Agency, Authority and Estoppel Raised by Reply to Response to Motion to Compel and Motion for Leave to File Sur-Reply filed December 8, 2017 (Clerk's Doc. No. 31) is **DENIED**.

SIGNED this 30th day of May, 2018.

LEE YEAKEL
UNITED STATES DISTRICT JUDGE